O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHELLE R. BRIONES, | ) | NO. EDCV 07-0257-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On March 5, 2007, plaintiff, Richelle R. Briones ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On July 5, 2007, plaintiff filed a memorandum of points and authorities in support of plaintiff's complaint. On August 2, 2007, the Commissioner

filed a brief in support of the answer.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On June 3, 2003, plaintiff filed an application for disability insurance benefits and on July 15, 2004, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since August 20, 2002 due to pain in her feet and legs caused by complex regional pain syndrome. (TR 60-62, 66-75, 319-21).[1] In her request for reconsideration plaintiff also alleged that she had depression. (TR 46).

Following administrative denials, on January 24, 2006, this court remanded the matter to the Commissioner. (TR 415-22). On November 14, 2006, a subsequent hearing was held before the ALJ. (TR 549-57). Plaintiff's counsel attended the hearing without plaintiff. (TR 353). The ALJ considered the testimony of another ME and a VE. On November 22, 2006, the ALJ issued a decision in which she found that, although plaintiff had severe impairments, those impairments were not disabling because, even considering the limitations resulting from those impairments plaintiff was capable of performing essentially a full range of light work, which enabled her to perform her past relevant work as a flower and appliance sales person. (TR 360).

Plaintiff subsequently sought judicial review of that decision in this court.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order materially summarizes the evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff discusses the sequential evaluation explained below and argues that this matter should be remanded for an award of benefits for the following reasons:

1. The ALJ erred in her assessment of plaintiff's residual functional capacity by inappropriately disregarding other substantial treating evidence of record concerning plaintiff's complex regional pain syndrome;
2. The ALJ failed to properly consider the opinions of plaintiff's treating physicians on disability; and,
3. The ALJ improperly discredited the findings of consultative psychological examiner, Dr. Adam Cash, Psy.D.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir.

1995).

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform

1  other kinds of work.  The person is entitled to benefits only if the
2  person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920;
3  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

    2.  <u>Issues</u>

        A.  <u>Residual Functional Capacity</u> ("RFC")

Plaintiff essentially contends that the ALJ erred in her analysis of plaintiff's impairments and resulting limitations in assessing plaintiff's RFC by inappropriately disregarding substantial treating evidence of record regarding plaintiff's complex regional pain syndrome, also known as reflex sympathetic dystrophy ("RSD").[2]

Here, the ALJ found that "the diagnosis of reflex sympathetic dystrophy is simply not supported by any actual objective findings." (TR 359).  This finding is supported by the opinions of Dr. Samuel Landau, who reviewed plaintiff's medical records and testified at her May 2005 hearing (TR 341); Dr. Sami Nafoosi, who also examined plaintiff's medical records and testified at her November 2006 hearing (TR 553); and, Dr. Charles R. Miller, who examined plaintiff consultatively on September 16, 2003. (TR 171).  Accordingly, the ALJ's finding that plaintiff's RSD is not a medically determinable impairment is supported by substantial evidence in the record.  <u>See</u> <u>Thomas v.</u>

---

[2] Complex Regional Pain Syndrome, also known as Reflex Sympathetic Dystrophy Syndrome, is "a unique clinical syndrome that may develop following trauma" and "is characterized by complaints of intense pain and typically includes signs of autonomic dysfunction."  Social Security Ruling ("SSR") 03-2p ("Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome"), 2003 WL 22399117(S.S.A.) at *1.  Progression of the disorder is "marked by worsening of a previously identified finding or by manifestation of additional abnormal changes in the skin, nails, muscles, joints, ligaments and bones of the affected region."  <u>Id</u>. at *2.

Barnhart, 278 F.3d 947, 957(9th Cir. 2002)("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence of record").

Moreover, any error in failing to conclude that plaintiff's RSD was a medically determinable impairment was harmless because the ALJ did not stop her analysis at step two of the sequential evaluation. See Parra v. Astrue, 481 F.3d 742, 747 (2007)(finding error harmless because it did not affect the result). In fact, she found that plaintiff's obesity, mild back degeneration and "various subjective complaints not supported by actual objective clinical signs, lab tests or other objective findings" (i.e., plaintiff's complaints of symptoms associated with RSD) are severe impairments. (TR 359). Plaintiff does not dispute the ALJ's finding as to her severe impairments, but contends that the ALJ improperly disregarded medical evidence in assessing the extent of plaintiff's limitations resulting from her impairments.

The ALJ's evaluation of plaintiff's physical limitations due to her impairments is supported by substantial evidence. Dr. Miller found, based on his examination of plaintiff, which was completely normal with no signs of RSD, that there was "no objective evidence of limitation or restriction of functional capacity." (TR 171). In addition, the state agency physicians, who reviewed plaintiffs' medical records as of March of 2004, found that plaintiff could perform essentially the full range of light work. (TR 182-91). Finally, the medical expert, Dr. Sami Nafoosi, who also reviewed plaintiff's medical records and testified at the November 2006 hearing, gave an assessment of plaintiff's limitations that was consistent with the ALJ's assessment. (TR 554).

Moreover, as the ALJ noted, in 2005 plaintiff's neurologist, Shen Ye Wang, M.D., repeatedly reported that plaintiff was "doing well" and "quite stable" on her medications, was walking steadily, and was "able to function at home by herself independently." (TR 515, 516, 518, 519). On November 15, 2005, Dr. Wang's office advised plaintiff that she would be receiving no more medications from the office.[3] (TR 514).

In addition, the ALJ also considered the findings of Dr. Manikanda Raja, who conducted a thorough consultative examination of plaintiff, which included a review of her medical records, in September of 2006. The examination was again essentially normal except that plaintiff moved her legs slowly and complained of pain while Dr. Raja examined her foot. (TR 547). Although plaintiff used a walker, she was able to get up from the exam table without help. (TR 547). Dr. Raja noted that although plaintiff "has a lot of symptoms," on examination he did not find "any wasting of the muscles" in the legs.[4] (Id.) Dr. Raja also reported that plaintiff still has a driver's license, cleans her house, walks, and swims. (TR 546). Plaintiff told Dr. Raja that "when she swims her pain

---

[3] The ALJ found that Dr. Wang's actions demonstrated that the doctor either felt that plaintiff no longer needed medications or was abusing the pain medications. (TR 357). This is a reasonable interpretation of the evidence. Just before Dr. Wang stopped prescribing narcotic medications, plaintiff had overdosed on her medications. (See TR 455-75).

[4] Dr. Raja gave plaintiff a more restrictive assessment of plaintiffs standing and walking limitations than that ALJ. The ALJ rejected Dr. Raja's assessment of plaintiff's standing and walking limitations as unsupported by his examination, a finding that plaintiff does not challenge here. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)(holding that where ALJ properly discounted plaintiff's credibility, ALJ was free to disregard doctor's opinion premised on plaintiff's subjective complaints). In any event, even assuming Dr. Raja's limitations, plaintiff would still be able to work according to the testimony of the VE at plaintiff's 2004 hearing. (See TR 347-48).

7

gets better." (Id.)

The findings of the consultative examiners, the medical expert and state agency physicians constitute substantial evidence supporting the ALJ's assessment. See Thomas v. Barnhart, 278 F.3d at 957.

In addition, although plaintiff repeatedly reported pain to her doctors, aside from some isolated reports of some swelling and discoloration in her legs and feet, most of plaintiff's examinations by her treating physicians have been essentially normal and do not show muscle wasting or atrophy associated with chronic, debilitating pain. (See, e.g., TR 116 (normal muscle strength, tone and range of motion in lower extremities); TR 118 (mild edema of left ankle, ambulates normally, full range of motion); TR 135 (normal ankle x-ray); TR 143 (symptoms not severe enough to warrant spinal cord stimulation treatment); TR 146 (noting prior MRIs and x-rays normal); TR 229-32 (after fall acute tailbone pain, but normal nervous system and motor strength; normal lumbar spine x-ray); TR 249 (normal gait, normal skin); TR 283-84 (normal exam); TR 315 (normal nerve conduction and EMG studies); TR 317-18 (normal exam, including normal motor strength except feet sensitive to touch); TR 446-47 (essentially normal exam except for plaintiff's subjective complaints of pain and tenderness); TR 453 (full range of motion in knee and ankle); TR 484 (normal gait); TR 486 (normal lumbar spine x-ray); TR 491 (essentially normal exam except back pain due to fall); TR 494 (bone scan negative for RSD and noting questionable history of RSD - "not sure if this is substantiated"); TR 495-97 (some swelling of extremities, but no discoloration or atrophy).[5]

---

[5] Plaintiff does not challenge the ALJ's finding that plaintiff's allegations of disabling pain were not completely

8

The ALJ did not materially err in her assessment of plaintiff's residual functional capacity.

B. <u>Treating Physician's Opinions</u>

Plaintiff also contends that in assessing plaintiff's RFC, the ALJ failed to properly consider the opinions of plaintiff's treating physicians, Drs. Abdul S. Farzin and Shen Ye Wang. A treating physician's opinion is entitled to greater weight than that of an examining physician. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." <u>Id.</u> The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. §§ 404.1527, 416.927.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." <u>Andrews v. Shalala</u>, 53 F.3d at 1041. A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). To reject the uncontroverted opinion of plaintiff's physician, the ALJ must present clear and convincing reasons for doing so. <u>Andrews v. Shalala</u>,

---

credible. In any event, the ALJ gave legally sufficient reasons for discounting the credibility of plaintiff's allegations regarding the severity of her symptoms. For example, the ALJ noted that plaintiff showed no wasting or muscle atrophy that would be expected from a long period of inactivity due to chronic pain. <u>See</u> <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir. 1999)(ALJ properly considered the fact that plaintiff did not exhibit muscular atrophy or any other physical signs of an inactive, totally incapacitated individual in evaluating credibility of plaintiff's allegations of disabling limitations).

53 F.3d at 1041. Even if the treating physician's opinion is contradicted by other doctors, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (citation omitted).

Here, plaintiff contends that the ALJ improperly rejected the opinion of Dr. Farzin that "[t]he finding [of a diagnosis of RSD by other doctors] and consultations with other physicians, suggests that [plaintiff] suffers from a debilitating condition, that is unlikely to improve in the near future, and therefore, at this time is totally and permanently disabled." (TR 273).

Because Dr. Farzin's opinion is contradicted by that of other doctors (i.e., the state agency physicians, the testifying medical experts and the consultative examiners), the ALJ was required to give specific and legitimate reasons for rejecting Dr. Farzin's opinion. Dr. Farzin's conclusory and inconclusive opinion fails to identify any objective medical findings on which it is based, including any specific findings of other doctors. Accordingly, it was properly discredited. See Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004)("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole," or "by objective medical findings.").

Plaintiff also contends that the ALJ improperly rejected the opinion of plaintiff's neurologist, Dr. Wang. On February 1, 2005, Dr. Wang opined that "judging by the chronicity of [plaintiff's] RSD syndrome of her left lower extremity, it is unlikely that the patient would have significant improvement in the foreseeable future" and that

"the patient is totally and permanently disabled." (TR 307). The ALJ stated that she "gives little weight to such conclusion, however, as the determination of disability is reserved to the ALJ." (TR 356).

As the ALJ correctly noted, she was not bound by Dr. Wang's conclusion that plaintiff was "totally and completely disabled." 20 C.F.R. §§ 404.1527(e); 416.927(e). Moreover, in rejecting the conclusion of a treating doctor, the ALJ may meet her burden by "setting out a detailed ant thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings." Thomas v. Barnhart, 278 F.3d at 957 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). Here, the ALJ properly considered Dr. Wang's conclusion in light of the doctor's findings and treatment records, which did not include any specific findings as to any limitations of work-like functioning and which ultimately reported that plaintiff was doing well and able to care of herself. (See TR 514, 516, 518, 519). In addition, the ALJ considered and discussed Dr. Wang's opinions and findings in the context of the other medical evidence, including the findings of consultative examiners and medical experts discussed above. The ALJ did not err in her consideration of Dr. Wang's opinion and findings.

In sum, the ALJ consideration of the opinions of plaintiff's treating physicians was free from material legal error and supported by substantial evidence.

C. Consultative Psychologists' Opinion

Plaintiff also objects to the ALJ's rejection of the opinion of Adam Cash, Psy.D., who examined plaintiff consultatively on September 27, 2006.

1   An ALJ may not reject the uncontroverted opinions of an examining
2 physician without giving clear and convincing reasons for doing so.
3 Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ may not
4 reject a controverted opinion without given specific and legitimate
5 reasons that are supported by substantial evidence. Id. at 830-31.
6   Dr. Cash gave plaintiff a complete psychological examination, a
7 mental status examination and several tests. Despite plaintiff's claim
8 that her pain during the examination was a "9 on a 10-point scale," Dr.
9 Cash reported that plaintiff was "cooperative and friendly." (TR 540).
10 The doctor reported that the results of plaintiff's tests "are
11 considered an underestimate of her true cognitive functioning and should
12 be interpreted as such as it appeared that [a] psychomotor problem, pain
13 and some problems with mental pace interfered with her optimal
14 performance." (TR 540). Dr. Cash opined that plaintiff had a
15 depressive disorder, not otherwise specified, an anxiety disorder, not
16 otherwise specified, and a pain disorder. (TR 543). He concluded that
17 plaintiff's condition may lead to moderate difficulties with stress
18 coping, that she will have mild difficulties with simple tasks, and her
19 levels of concentration, persistence and pace, and ability to socialize
20 are moderately impaired. (TR 544). He also concluded that she is at a
21 mild to moderate risk of emotional deterioration in the workplace.
22 (Id.) Finally, as the ALJ observed, Dr. Cash stated that the evaluation
23 "was not meant to be a comprehensive evaluation." (Id.)
24   Dr. Cash's opinions are contrary to those of Dr. Bradley Daigle,
25 the board certified psychiatrist who consultatively examined and
26 evaluated plaintiff in September of 2003. Dr. Daigle found that
27 plaintiff was either not significantly limited or, at most, only

12

slightly limited in her ability to carry out workplace functions. (TR 177-178).

The ALJ rejected Dr. Cash's opinions as to plaintiff's limitations for specific and legitimate reasons supported by the record. First, the ALJ noted that Dr. Cash's conclusions were all qualified and that he attributed plaintiff's symptoms primarily to plaintiff's complaints of pain rather than psychological problems. (TR 540). The ALJ emphasized that Dr. Cash was not a medical doctor and not qualified to evaluation pain due to a physical impairment. The ALJ may properly consider a doctor's specialty in determining the weight to give the doctor's opinion. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

In addition, the ALJ found that Dr. Cash gave more weight to plaintiff's subjective complaints, especially considering that he found that the objective testing did not give an accurate picture of her intellectual abilities. (See TR 357, 540-41). The ALJ may properly discredit a doctor's opinion that is premised on subjective complaints where the ALJ has properly discounted the plaintiff's credibility. Tonapetyan v. Halter, 242 F.3d at 1149.

The ALJ's evaluation of Dr. Cash's opinions was free from material legal error and supported by substantial evidence.

## CONCLUSION

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported

13

by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: August 10, 2007

                                              _Carolyn Turchin_____
                                              CAROLYN TURCHIN
                                              UNITED STATES MAGISTRATE JUDGE